# Commonwealth *v.* Cramer, Appellant.

*Criminal law—Larceny—Charge of court.*

On the trial of an indictment for larceny a verdict of guilty will be sustained where the court with a proper summary of the evidence and proper instructions as to the law, submits to the jury the question whether the defendant had taken the property on a purchase from a person whom he, in good faith, and on reasonable grounds believed to be the owner, or on a colorable purchase, with notice that it belonged to another.

Submitted March 8, 1904. Appeal, No. 17, Feb. T., 1904, by defendant, from judgment of Q. S. Lycoming Co., Dec. T., 1903, No. 54, on verdict of guilty in case of Commonwealth v. Wolfe Cramer. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Indictment for larceny. Before HART, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were various instructions.

*Otto G. Kaupp*, for appellant.

*W. H. Spencer*, district attorney, for appellee.

OPINION BY SMITH, J., May 10, 1904 :

This case requires but little discussion. The specifications relate only to the charge of the court. As to the alleged error in charging that " there does not appear to be any question in this case but what the burr mill or chopper that was taken was the property of Wm. J. McCarty," it is enough to say that since McCarty testified to his ownership, and the manner of its acquisition, and was not contradicted, there was nothing in the case to raise a question on this point. The allegation of error in saying to the jury, in relation to the hearing before the justice, that " McCarty testifies to you that this defendant denied having taken this mill," is disposed of by collating it with the testimony of McCarty that the defendant " denied

ever having seen it," since a denial of having taken the mill is necessarily implied in a denial of ever having seen it, and it is impossible that the jury could have been misled by the language of the charge. The other specifications are equally without merit. The vital question in the case was whether the defendant had taken the property on a purchase from a person whom he, in good faith, and on reasonable grounds, believed to be the owner, or on a colorable purchase, with notice that it belonged to McCarty. This was, under the evidence, a question wholly for the jury. It was for them to judge of the credibility of the witnesses, and to reach a conclusion through the exercise of their judgment respecting the evidence. The case was submitted to them with an adequate summary of the evidence on both sides, and with clear and accurate instructions respecting the legal principles involved.

Judgment affirmed.